UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALLEE PHALEN,<br><br>    Plaintiff,<br><br> v.<br><br>TUOLUMNE COUNTY JAIL, *et al.*,<br><br>    Defendants. | Case No. 1:25-cv-00521-KES-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF Nos. 1, 12).<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

    Plaintiff Hallee Phalen is currently incarcerated at the Tuolumne County Jail and proceeds *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 11). The complaint, filed on May 5, 2025, alleges that Plaintiff was physically attacked by a jail official, was sexually assaulted by a different jail official, and lacks access to a law library at the jail. (ECF No. 1).

    On August 7, 2025, the Court screened the complaint and concluded that Plaintiff failed to state any cognizable claims. (ECF No. 12). The Court gave Plaintiff thirty days to file an amended complaint or to notify the Court that Plaintiff wanted to stand on the complaint. (*Id.* at 10). And the Court warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id.* at 11).

1

1  The thirty-day deadline has passed, and Plaintiff has not filed an amended complaint or
2  otherwise responded to the Court's order. Accordingly, for the reasons below, the Court will
3  recommend that Plaintiff's case be dismissed, without prejudice, for failure to state a claim,
4  failure to prosecute, and failure to comply with a court order.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Additionally, as Plaintiff is proceeding *in forma pauperis* (ECF No. 11), the Court may screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that

2

*pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT[1]

The complaint states that the alleged violations occurred at the Tuolumne County Jail. The complaint lists four Defendants: (1) the Tuolumne County Jail; (2) Tuolumne County DA[2]; (3) Tuolumne County; and (4) Superior Court of California, Tuolumne County.

Plaintiff brings two claims, each of which list the following law as being violated: (1) the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States constitution, and (2) 18 U.S.C. §§ 241 and 242, which are criminal statutes.

Plaintiff's first claim provides the following allegations:

> When I was put in this Jail I was attacked by an officer and had a large chunk of my hair ripped out. This was done by Officer Hernandez. After this, I was sexually assaulted by Sgt. Pitts who slapped me on my butt and asked if I wanted to go to his office instead of a safety holding cell.

(ECF No. 1, p. 3).

Plaintiff second claim lists the following allegations:

> This Jail does not possess a law library or a means to access the Courts in person or electronically. This very 1983 claim had to be prepared by a "jailhouse lawyer" or another inmate. A law library is required by 15 CCR 3122. This is a clear violation of due-process and equal-protection clauses.

(*Id.* at 4).

As for relief, Plaintiff asks to be released from jail and $1 million in damages.

## III. ANALYSIS OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint does not state any proper constitutional claims because the defendants that Plaintiff names are not correct defendants in this type of case. If a plaintiff wishes to sue someone for constitutional rights violations, the complaint must name a specific person that violated those rights, or a city or county that had an official policy or established custom that violated those rights.

---

[1] For readability, minor alterations, like changing capitalization, have been made to some of Plaintiff's quotations without indicating each change.

[2] It is not clear if Plaintiff is referring to the Tuolumne County District Attorney or the District Attorney's Office.

The Civil Rights Statue that Plaintiff sued under, 42 U.S.C. § 1983 states:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . .

42 U.S.C. § 1983 (emphasis added). Under this statute, Plaintiff must name a person as a defendant. "The term 'persons' encompasses state and local officials sued in their individual capacities, private individuals, and entities which act under the color of state law and local governmental entities." *Jay v. Med. Dep't of Fresno Cnty. Jail*, No. 1:10-CV-00685-GBC PC, 2011 WL 3875523, at *4 (E.D. Cal. Sept. 1, 2011). However, "municipal departments and sub-units of local governments are not generally considered 'persons' within the meaning of Section 1983." *Id.* (collecting cases dismissing correctional facilities and law enforcement departments as improper defendants under § 1983). Likewise, "[s]tate agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute." *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004).

For this reason, Tuolumne County Jail, Tuolumne County DA, and Tuolumne County Superior Court are not proper Defendants under § 1983. *See Gatlin v. Bank of Am.*, No. 2:23-CV-0272-DAD-KJN P, 2023 WL 2529725, at *2 (E.D. Cal. Mar. 15, 2023) ("Turning to plaintiff's claim against defendant Sacramento County Jail, an agency or department of a municipal entity is not a proper defendant under Section 1983."); *Spears v. El Dorado Cnty. Superior Ct.*, No. 2:17-CV-2202-MCE-EFB P, 2019 WL 698202, at *1 (E.D. Cal. Feb. 20, 2019) ("A state court is not a 'person' for purposes of 42 U.S.C. § 1983 and hence is not subject to lawsuit under that statute.") (citation omitted); *Morris v. State Bar of California,* No. CV F 09-0026-LJO-GSA, 2010 WL 4977677, at *2 (E.D. Cal. Dec. 2, 2010) ("The Fresno County District Attorney's office is a 'sub-unit' of the County of Fresno and is not a person under § 1983.").

There is a limited exception to this rule for cities and counties, such as Tuolumne County, if a plaintiff claims that they caused a violation of plaintiff's rights due to an official

1  policy or established custom. Specifically, "[m]unicipalities and other local governmental units
2  are 'persons' subject to suit under § 1983, but to prevail on a claim against a municipal entity
3  for a constitutional violation, a plaintiff must also show that his or her injury is attributable 'to
4  official municipal policy of some nature.'" *Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 788,
5  793 (9th Cir. 2016) (quoting *Monell*, 436 U.S. 658, 691 (1978)). To state a claim for municipal
6  liability, a plaintiff must allege: (1) that the plaintiff was deprived of a constitutional right; "(2)
7  that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the
8  plaintiff's constitutional right; and (4) that the policy is the moving force behind the
9  constitutional violation." *Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th
10 Cir. 1997) (internal quotation marks and citation omitted). A *Monell* claim can proceed under
11 three theories: "(1) when official policies or established customs inflict a constitutional injury;
12 (2) when omissions or failures to act amount to a local government policy of deliberate
13 indifference to constitutional rights; or (3) when a local government official with final policy-
14 making authority ratifies a subordinate's unconstitutional conduct." *Brown v. Contra Costa
15 Cty.*, No. C 12–1923 PJH, 2014 WL 1347680, at *8 (N.D. Cal. Apr. 3, 2014) (citation omitted).

However, Plaintiff's complaint does not list any specific persons as defendants. While the complaint contains allegations against certain jail officials, they are not named as Defendants.

The Court notified Plaintiff of this deficiency in the screening order, provided applicable legal standards, and gave Plaintiff leave to name any jail official in an amended complaint, but Plaintiff has not done so. (ECF No. 12, pp. 5-9).

Lastly, the complaint also does not allege that Tuolumne County had an official policy or established custom that led to the deprivation of Plaintiff's rights.

## IV.   FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS

The Court will likewise recommend dismissal based on Plaintiff's failure to prosecute this case and to comply with the Court's screening order.

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

   manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

  "'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the first factor weighs in favor of dismissal.

  As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." *Id.* (citations omitted). Plaintiff has failed to respond to the Court's screening order. This failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

  Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

  As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's order, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's failure to respond to the Court's order, it appears that monetary sanctions are of little use to prompt Plaintiff to comply with future orders. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Lastly, given that the Court is recommending dismissal without prejudice—rather than the harshest sanction of dismissal with prejudice—it has recommended lesser sanctions. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that dismissal is appropriate.

## V. CONCLUSION AND RECOMMENDATIONS

Based on the forgoing, IT IS RECOMMENDED as follows:

1. This action be dismissed, without prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 22, 2025**    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE